Submitted on briefs June 24; affirmed June 27, 1930

VEATCH *v.* CITY OF COTTAGE GROVE ET AL.
(289 P. 494)

*Calkins & Calkins* of Eugene for appellant.

*Herbert W. Lombard* of Cottage Grove for respondents.

COSHOW, C. J. This action was instituted for the purpose of testing the validity of an election which resulted in authorizing the city of Cottage Grove to sell bonds in the aggregate sum of $35,000 to refund indebtedness of said city. The sole question submitted to this court is the right of non-taxpaying citizens to

vote at the special election held for the purpose of authorizing the city to issue the bonds. One hundred non-taxpaying citizens voted at said election, a sufficient number to control the result. It is admitted by appellant that the election is otherwise regular and valid. The contention of appellant is that chapter 282, General Laws of Oregon, 1929, prohibits a non-taxpaying citizen from voting upon a charter amendment or ordinance designed to authorize the issuance of bonds. Said statute among other things contains the following:

"That from and after the first day of January, 1930, no person shall be allowed to vote at any election held within any incorporated city or town in this state upon the question of levying a special tax or issuing bonds by such city or town, unless such person shall be a taxpayer * * *."

Defendant contends that said act is in contravention of article XI, section 2 of the constitution, which provides:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, * * *."

■ ■ The authority granted the city of Cottage Grove in the instant case to issue refunding bonds was by amendment to the city charter. It is unnecessary to elaborate on the principle that the legislature can not pass an act in contravention of the constitution. The language quoted from said section 2 is plain and simple, and the legislature is without the power to limit voters to taxpayers where the amendment of the charter of the city is involved: *Johnson v. City of Pendleton,* 131 Or. 46 (280 P. 873); *Loe v. Britting,* 132 Or. 572 (287 P. 74). The two cases just cited control the case at bar.

■ Our constitution, article II, section 2, as amended at the special election held June 28, 1927, defines the qualification of electors as follows:

"In all elections, not otherwise provided for by this constitution, every citizen of the United States, of the age of 21 years and upwards, who shall have resided in the state during the six months immediately preceding such election, and who shall be duly registered prior to such election in the manner provided by law, shall be entitled to vote; provided, such citizen is able to read and write the English language. * * *." See 1929 Gen. Laws, p. 5.

There is no pretense that the hundred non-taxpaying voters were disqualified in any other way than that they did not pay any taxes. There is no claim that the election attacked in this action is "otherwise provided for by this constitution." Said article II, section 2, as amended says "*every* citizen of the United States." That language is broad enough to include non-taxpaying citizens, and the legislature has not the power to prevent non-taxpaying citizens from voting.

We are satisfied with the decisions in the two cases cited above. The judgment is affirmed.